IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA KIRKES,<br><br>    Plaintiff,<br><br>v.<br><br>(1) INDEPENDENT SCHOOL DISTRICT NO. 10 OF PUSHMATAHA COUNTY, OKLAHOMA, a/k/a Clayton Public Schools;<br><br>(2) JIM DOMINICK, an individual; and<br><br>(3) JUDD MATTHES, an individual,<br><br>    Defendants. | Case No. CIV-11-394-RAW |

## ORDER

Before the court is the motion to remand, titled "motion to determine jurisdiction and remove to state district court," filed by Plaintiff [Docket No 10] and the motion to dismiss filed by Defendants [Docket No. 4]. Plaintiff filed her Petition in the District Court in and for Pushmataha County, Oklahoma on July 28, 2011, listing five causes of action, including libel, slander, violation of due process, negligent retention of an employee, intentional infliction of emotion distress and requesting punitive damages. After receiving Plaintiff's response to a request for admission on October 28, 2011 stating that she admits that her due process claim arises under the United States Constitution, Defendants removed this action on November 3, 2011.

Plaintiff requests that the court remand this action, arguing that this court does not have jurisdiction because "a question of federal law no longer exists." In the paragraph immediately

preceding that statement, however, she refers to her due process rights as guaranteed by the Fourteenth Amendment. Additionally, in her response to Defendants' motion to dismiss, she states that she is "entitled to a hearing and all rights as guaranteed by the Oklahoma and United States Constitution." Clearly, Plaintiff is attempting to assert federal rights. Accordingly, her motion is DENIED.

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Petition and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). To survive the motion to dismiss for failure to state a claim, Plaintiff must have pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must nudge her "claims across the line from conceivable to plausible." Id. The Twombly court is critical of complaints that do not mention a specific time, place or person. Id. at 565 n. 10.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

The court first focuses on the one federal claim.  Plaintiff claims that the School District violated her Fourteenth Amendment rights by denying her the due process of law required by Oklahoma's Teacher Due Process Act (hereinafter "TPDA").  Specifically, Plaintiff claims that the School District violated her due process rights when instead of allowing her to defend herself from false allegations, the School District: (1) reassigned her to teach fourth grade for the 2010-2011 school year, and (2) did not assign her an extra duty contract as a speech coach.

The Tenth Circuit has held that "tenured teachers have a protected interest only in continued employment, not in a particular position."  Lancaster v. Independent Sch. Dist. No. 5, 149 F.3d 1228, 1235 (10th Cir. 1998) (citing Maupin v. Independent Sch. Dist. No. 26, 632 P.2d 396, 399 (Okla. 1981)).  Additionally, "extra duty assignments are too far removed from . . . primary teaching responsibilities . . . to be protected under the [TPDA]."  Parker v. Independent Sch. Dist. No. I-003, 82 F.3d 952, 954 (10th Cir. 1996) (quoting Maupin, 632 P.2d at 399).  Accordingly, Plaintiff's federal claim is DISMISSED.

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998).  Accordingly, the court declines to exercise jurisdiction over the remaining state claims.  The state claims, therefore, are hereby remanded to the  District Court in and for Pushmataha County, Oklahoma.

IT IS SO ORDERED this 15th day of February, 2012.

**Dated this 15th day of February, 2012.**

*/s/ Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma

3